## Wells and French Company v. Gortorski.

1. Master and Servant—*Dangers of the Employment—Application of the Rule.*—The rule that where the dangers of the employment are as well known to the servant as to the master the servant who chooses to

continue in the employment must be regarded as voluntarily incurring the risks incident thereto, does not apply where the master coerces the servant into the danger, or, in some other way, directly contributes to the injury.

2. FELLOW-SERVANTS—*Inquiry as to, When not Pertinent.*—Whether the accident was caused by the carelessness of a fellow-servant, need not be inquired into if the person injured was forced or coerced into the danger by the foreman.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed July 1, 1893.

### STATEMENT OF THE CASE.

The appellee was nineteen years old, and had been at work for appellant in its lumber mill a month as a common laborer. He could speak no language except the Polish.

Two piles of stringers stood in front of a machine used for sawing heavy lumber. The piles were from five to six feet high. The stringers were eight inches wide and planed smooth. There were no cross pieces put between the layers and no precautions whatever taken to prevent them from falling. The pile nearest the machine was a wide one and was separated from the outside pile by a space of about two or two and a half feet. The outside pile (the one which fell) was four or five stringers wide, or thirty-two or forty inches, and was from five to six feet high. A wagon loaded with car sills was pulled up alongside this outside pile for the purpose of having the sills moved across the piles to the machine where they were to be sawed. Two skids had been laid over the space between the two piles and over these skids the lumber was to be rolled. The skids were slanting and one end was barely hanging on the plank. A foreman was in charge of the work and of the men.

Appellee was employed in another portion of the room. The foreman motioned to him to come over to the piles, take hold of the sills and help move them over to the machine. Several men were there already, a couple at the wagon, one

on top of the outside shaky pile, and one in the narrow space between the piles. Appellee stood at the end, and in that position took hold of the first sill and helped push it over. Appellee declined to go between the piles. The foreman with one hand upon his arm, and the other upon his back, pushed him in between the piles. The second sill was already upon its way over; appellee caught hold of it and helped move it over. The man on the pile held the third and it slipped in some way, when four or five of the heavy stringers fell with him upon appellee, crushing his leg, and leaving him a cripple for life.

### Appellant's Brief, Walker & Eddy, Attorneys.

An employe can not recover for an injury suffered in the course of the business about which he is employed, from defective machinery used therein, after he had knowledge of the defect, and continued his work, it being held that, upon becoming aware of the defective condition of such machinery, he should desist from his employment; but if he does not do so, and chooses to continue, he is deemed to have assumed the risk of such defects, at least when he had not been induced by his employer to believe that a change would be made, and had not plainly objected. Camp Point Mfg. Co. v. Chas. Ballou, Admr., 71 Ill. 417; Mad River and L. E. R. R. Co. v. Barber, 5 O. St. 541; Hayden v. Smithville Mfg. Co., 29 Conn. 549; Buzzell v. Laconia Mfg. Co., 48 Me. 113; Wright v. N. Y. Cent. R. R. Co., 25 N. Y. 562; Priestly v. Fowler, 3 M. & W. 1; Dynan v. Leach, 40 Eng. L. & Eq. 491; Chicago & A. R. R. Co. v. Charles Munroe, 85 Ill. 25.

The following authorities support the proposition that if the act which a servant is ordered to do is obviously dangerous, he can not recover: Cassidy v. Maine Cent. R. R. Co., 76 Me. 488; Kresanowski v. Northern P. R. R. Co., 18 Fed. Rep. 229; St. etc. R. R. Co. v. Rosenberry, 45 Ark. 256; Taylor v. Chicago & N. W. R. R. Co., N. W. Rep., Vol. 2, p. 24; Strohlendorf v. Rosenthal, 30 Wis. 674; Norey v. Lower Vein Coal Co., 55 Ia. 671; Sullivan v. India Mfg.

Co., 113 Mass. 396; Ladd v. New Bedford R. R. Co., 119 Mass. 413; Toledo, W. & W. R. R. Co. v. Ashbury, 84 Ill. 429; Toledo, W. & W. R. R. Co. v. Moore, 77 Ill. 217; Indianapolis, B. & W. R. R. Co. v. Flanigan, 77 Ill. 365; Chicago, R. I. & P. R. R. Co. v. Clark, 11 Brad. 104; Buhle v. Harland, 37 Ill. App. 350, 351.

APPELLEE'S BRIEF, GIBBONS, KAVANAGH & O'DONNELL, ATTORNEYS.

Where defects in the machinery or other appliances are as well known to the servant as to the master, the servant must be regarded as voluntarily incurring the risk resulting from its use, unless the master by urging on the servant or coercing him into danger, or in some way or other, directly contributes to the injury. Pennsylvania Co. v. Lynch, 90 Ill. 333; Chicago, B. & Q. R. R. v. Smith, 18 Brad. 119; Chicago, R. I. & P. R. R. v. Clark, 11 Brad. 104.

The conduct of Brandt being in the furtherance of his master's business was the act of the master. Ill. C. R. R. v. Ross, 31 Ill. App. 170.

The mere fact that another person concurs or co-operates in producing the injury or contributes thereto in any degree, whether large or small, is of no consequence. S. & R. on Neg., Sec. 31; Eaton v. R. R., 11 Allen, 500; Martin v. North Star Works, 31 Minn. 407; Atkins v. Transportation Co., 60 Wis. 141; Hunt v. R. R., 14 Mo. App. 160; Henry v. Dennis, 93 Ind. 452; 47 Am. Rep. 381; Slater v. Mersereau, 64 N. Y. 138; Burrows v. Gas Co., 5 Exch. 67; Campbell v. Stillwater, 32 Minn. 308; Andrews v. O'Connor (Tex.), 16 S. W. 628; C. & A. R. R. v. Pennell, 110 Ill. 435; Chicago & N. W. R. R. v. Hunerberg, 16 Brad. 387; Johnson v. Telephone Co. (Minn.), 51 N. W. Rep. 225.

OPINION OF THE COURT, SHEPARD, J.

The appellee was a common laborer, eighteen years of age, and had worked for the appellant about a month and a half in its car shops. He was a Pole and spoke and understood only the Polish language.

At the time of receiving the injury, he was engaged in assisting in the unloading of a wagon-load of car-sill timbers, under the direction of a foreman named Brandt. He was called from other employment to assist at this, and had worked at it for about ten minutes, or long enough for two sills to be unloaded, and it was while the third sill was being unloaded that the accident happened.

The car-sills that were being unloaded were from twenty-eight to thirty-five feet long, three or more inches thick, and from nine to fourteen inches wide.

The loaded wagon stood alongside a pile of smoothly planed timbers four or five feet high and four or five stringers, or pieces, wide, laid upon each other with no binders or cross-pieces between.

Separated from the pile next to the wagon by a space two and a half or three feet wide, there was a larger pile of timbers.

The stuff on the wagon was required to be moved to the furthest pile, and the process of doing it was by lifting the timbers from the wagon onto skids that reached from one pile to the other across the passage-way, and shoving them across on the skids.

The first piece was successfully transferred to the remote pile. When the second piece was being removed, it, apparrently being shorter than the piles of timber, could only be handled by some one going into the passage-way between the piles where it could be reached and taken hold of.

Thereupon the foreman, Brandt, took hold of the appellee and shoved him in between the piles, with indications that he should shove the timber along on the skids. While he was thus engaged, others were at work moving the third piece. Instead of that piece slipping along on the skid, something occurred which caused the skid to slip and catch against a part of the first pile of timbers, and pull the pile down upon appellee, and crush his leg.

The appellee himself testified he had been in between the two piles of timber "about five minutes, may be not that long." Novak, one of his witnesses, testified "he hadn't

been inside there more than a minute," before he was hurt. There is the not unusual conflict between the testimony of appellee and that of Brandt, the foreman, as to what the latter said and did to appellee which caused the latter to go in between the piles of lumber. That it was necessary for some one to go in there to take hold of and handle the timber, in order to move it across to the further pile, is apparent from the situation. Appellee testified that Brandt took and shoved him in there, with an oath; that Brandt said something else which he could not understand, because he understood neither English nor German, but he could understand the oath; that he was afraid to be in there because the pile that fell shook, and that he was afraid to go out because Brandt stood at the end and he would push him back again; that Brandt was talking loudly, was angry and swearing. Novak, one of appellee's witnesses, testified that Brandt caught appellee by the shoulder with one hand and the other at his back and pushed him in there, but that he could not understand what he said.

Brziski, another of appellee's witnesses, was assistant foreman, and testified he told Brandt, the foreman, that the men could not work in there, that the piles were high and not wide, that they were shaking because not piled straight, and would fall over on the men's legs, but Brandt said to put on cross pieces and go ahead with the work, and that after he put on the skids he went away because he didn't want to have anything to do with them, and the accident occurred about two minutes later. " I knew that the pile was shaky, and I would not stand around there."

Scherninski, another witness for the appellee, testified that he was at work between the piles, but by jumping quickly enough had escaped injury; that Brandt took appellee by the arms and pushed him between the piles and told him he did not go fast enough.

Jarmush, another of appellee's witnesses, who was working on top of the pile that fell, testified that Brandt pushed appellee between the piles, and took hold of the first piece to show him how to do the work.

Brandt denies that he pushed appellee between the piles or swore at him, but says that being unable to make him understand English or German, he took him by the arm, and told him and motioned him to go up on top of the pile where he could work to better advantage, and that had appellee done so, he would not have been hurt; and he denies that any one told him the pile was dangerous, or that he saw anything that tended to make it insecure.

The theory of appellant is, first, the direct and proximate cause of the accident was the carelessness of Jarmush, one of the men on top of the piles, and fellow-servant with the appellee; and, second, that the appellee was aware of the dangers attending the work, and made no objections to going between the piles, and made no attempt to go out after he saw that the pile shook and his position was one of danger.

There was testimony that tended to show that the accident was caused by the unskillful and careless manner in which the third timber that caused the skid to slip and bring down the pile that fell, was moved by fellow-workmen with appellee, as well as from the insecure condition of the pile itself.

But the testimony, by a large preponderance, shows that the appellee was forced into the position of danger by the foreman, and that he was coerced to remain there by a fear of the foreman, superinduced by his language, actions and position, which was greater than his fear of the danger of the place, and that overcame his own judgment.

The rule that where the dangers of the employment are as well known to the servant as to the master, the servant who chooses to continue in the employment must be regarded as voluntarily incurring the risks incident thereto, does not apply where the master coerces the servant into the danger, or, in some other way, directly contributes to the injury. C., B. & Q. R. R. Co. v. Smith, 18 Brad. 119, and cases cited; C., R. I. & P. R. R. Co. v. Clark, 11 Brad. 104.

Under the instructions given by the court, the aspect of the case as to whether, the danger being as well known to the appellee as to the appellant, the foreman forced and

coerced the appellee into it, and thereby directly contributed to the injury, was fairly presented to the jury. On a question of fact depending upon conflicting testimony, the finding of the jury should not be disturbed, especially where such finding is, as we think, manifestly justified by the evidence. Whether the accident was caused by the carelessness of a fellow-servant, need not be inquired into if the person injured was forced and coerced into the danger, by the foreman.

The refused instructions requested by the appellant were properly withheld from the jury. They severally omitted the element of force and coercion—an element so closely blended with the theory of law presented by the instructions as asked, as to require to be incorporated in them.

The instructions given by the court on its own motion presented the whole case, and each part of it, to the jury fully as favorably to the appellant as it was entitled to.

Upon the whole record, we think no error is shown sufficient to warrant a reversal of the judgment, and it will therefore be affirmed.